Charlie Shelton
State Bar No. 24079317
**HAYWARD PLLC**
901 S. Mopac Expy.
Bldg. 1, Ste 300
Austin, TX 78746
(737) 881-7101
(737) 881-7101 Fax
cshelton@haywardfirm.com

PROPOSED COUNSEL TO DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Case No. 22-10172-hcm |
| TEXAS MADE SPORTS DEVELOPMENT, INC. dba CHAPARRAL ICE, | § § § § § | Chapter 11 |
| Debtor. | § § | |

**DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY**

COMES NOW Texas Made Sports Development, Inc. dba Chaparral Ice (the "Debtor" or "Chaparral") and files this motion (the "Motion") to enforce the automatic stay pursuant to Sections 105(a) and 362 of the United States Bankruptcy Code and 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"). As will be discussed in more detail below, iSports Cedar Park, Ltd. ("iSports") leased certain real property to the Debtor prepetition. Prior to the bankruptcy, iSports issued a letter purporting to terminate the Debtor's leases. The Debtor has informed iSports on numerous occasions that the Debtor owns certain property at the leased premises as well as other property merely located near to the leased premises and, further, that the Debtor did not consent to such use of such property. Notwithstanding numerous communications and notwithstanding the instant bankruptcy case, iSports continues to use the Debtor's property thus exercising control over property of the estate in

violation of the automatic stay and causing harm to the estate. The Debtor therefore is seeking an emergency order enforcing the automatic stay and prohibiting iSports from continuing to use such property. In support of this Motion, the Debtor respectfully shows as follows:

**PROCEDURAL BACKGROUND**

1. On March 18, 2022 (the "Petition Date"), the Debtor commenced its Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 the Bankruptcy Code. The Debtor is operating and managing its business as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a) and 362 of the Bankruptcy Code.

**BACKGROUND**

4. The Debtor had a prepetition lease interest in certain real property located in Cedar Park, Texas which the Debtor used as multi-purpose athletics and family entertainment facility (the "Facility"). The Facility included two NHL regulation-sized rinks to serve public skating, figure skating, and organized hockey leagues. The Facility further included indoor and outdoor turf fields.

5. On February 14, 2022, iSports delivered two "Notice[s] of Default and Termination of Lease," which purported to terminate the Debtor's leases as well as the Debtor's right of occupancy. Exhibits A, B. Copies of the relevant leases and their amendments are attached hereto as Exhibits C-H.

6. The most pressing issues before the Court concern the iSports Lease Agreement (Exhibit C) (the "Indoor Lease"). In particular, a dispute has arisen as to whether the Debtor owns certain personal property located on the Premises (as that term is defined in the Indoor Lease) as well as personal property not located on the Premises. In short, iSports appears to be taking the position that it owns all property that at any time belonged to the Debtor but that remained on any of iSports's property at the time of the purported lease termination (even where such property was not located upon the Premises). Further, since the termination and indeed since the filing of the instant bankruptcy case, iSports has continued to operate the Debtor's property in place without regards to the Debtor's interest therein thus causing harm to the estate in form of (among other things): 1) depreciation; 2) lost revenue; 3) loss of customers; 4) utilization of Chaparral's insurance; 5) use of Chaparral's unique branding; and 6) usurpation of Chaparral's corporate opportunities.

7. It is worth noting that iSports has not foreclosed on any of the Debtor's property and did not even attempt to file a UCC-1 until on or about March 9, 2022.

8. The Debtor and iSports engaged in prepetition written communications in an effort to resolve the dispute. Copies of such correspondence is attached hereto as Exhibits I-K. The Debtor demanded in its March 1, 2022 letter that iSports cease operating Chaparral's assets and, further, that iSports return all of Chaparral's assets and/or make a reasonable accommodation for their return and advising them that continued use of the Debtor's property would constitute conversion. Exhibit I.

9. iSports replied on March 2, 2022 indicating in pertinent part (emphasis added):

> My client is working to prepare an inventory of Chaparral's personal property that is still remaining in the Premises. You are correct that iSports has temporarily permitted the use of this personal property in order to keep the ice rink continuously open and operating following the termination of Chaparral's lease. *My client has done so under the impression that Chaparral*

>                *consented to such temporary use because*, among other things, Chaparral agrees with the need to keep the ice rink continuously open and operating for members of hockey community and other users, and Chaparral presumably believes the personal property has more value when used in connection with operation of the rink....

Exhibit J.

10. The Debtor replied on March 4, 2022 and provided a fuller list (though not exhaustive) of property belonging to the Debtor (the "Disputed Property"). Exhibit K.

11. iSports has not indicated whether it agrees or disagrees with any or all of the Debtor's list and, instead, filed a state court suit on March 10, 2022 seeking a declaration that Pursuant to Chapter 37, TEX. CIV. PRAC. & REM. CODE, Plaintiff requests a declaration from the Court that "the aforementioned Disputed Articles constitute "alterations, additions, improvements and fixtures" pursuant to Section 10.4 of the Lease" and "the above described Disputed Articles, pursuant to Section 10.4 of the Lease, were required to be surrendered by Tenant at the termination of the Lease, and title to and ownership of such property is held solely and exclusively by iSports." Exhibit L.

12. Accordingly, there is an active argument between the parties as to who owns the Disputed Property.

## RELIEF REQUESTED AND BASIS THEREFOR

13. Section 362(a) of the Bankruptcy Code precludes any entity from taking any act to exercise control over property of the estate or obtain possession of property of the estate. 11 U.S.C. § 362(a).

14. Further, the Fifth Circuit explained in *In re Chesnut*, 422 F.3d 298 (5th Cir. 2005) that the automatic stay extends even to "arguable property" of a bankruptcy estate. As explained by the Bankruptcy Court for the Southern District of Texas, "[i]n *Chesnut*, the Fifth Circuit held that the automatic stay extends to 'arguable property' of the estate and that the subject matter jurisdiction of the bankruptcy court extends to property that is subject to the

automatic stay." *In re Endeavour Highrise, L.P.*, 432 B.R. 583, 629 (Bankr. S.D. Tex. 2010).

15. Further, "... the key holding of *Chesnut* is that the question of whether the debtor held an interest in property at the time of the commencement of the case does not need to be answered in order for the automatic stay to apply." *Id.* at 630.

16. Pursuant to terms of the Indoor Lease and applicable caselaw (*see, e.g.*, *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118 (Bankr. S.D. Tex.), the Debtor still owns the Disputed Property or has an articulable interest therein. The primary dispute appears to be centering around the ownership of certain chillers. As will be demonstrated at any hearing hereon, the chillers at issue are neither "upon the Premises" nor attached to the "floors, walls or ceilings," which are the requirements for "fixtures" to become annexed to the real property. See Section 10.4 of the Indoor Lease (Exhibit C). In fact, as explained in the *San Angelo* case, chillers in this context are not even "fixtures." *Id.* at 132-33.

17. Notwithstanding the bankruptcy and subsequent communications instructing iSports to immediately cease using such property (Exhibit M), on information and belief, iSports continues to operate, use, and control the bankruptcy estate's property.

18. iSports's actions and comments in its March 2, 2022 letter regarding the Debtor's supposed consent implicitly acknowledge the Debtor's interest in the Disputed Property.

19. Pursuant to *Chesnut* and its progeny, the automatic stay prohibits iSports's continued exercising of control over the Disputed Property or even what is arguably the Debtor's property.

20. Therefore, the Debtor is seeking from this Court an order enforcing the automatic stay and directing iSports to refrain from using the Disputed Property. Not only is iSports's continued use of the Disputed Property entirely inconsistent with, and

undermining of, the debtor-in-possession's obligations under 11 U.S.C. §§ 704 and 1106, but it also actively diminishes the bankruptcy estate without any compensation.

WHEREFORE, the Debtor respectfully requests the Court enter an order: 1) enforcing the automatic stay; 2) compelling iSports to immediately desist any use or control over the Disputed Property or even what is "arguably" estate property; 3) grant the Debtor access to the Disputed Property; and 4) grant such other and further relief as the Court may deem just and proper.

Date: March 22, 2022

Respectfully submitted,

/s/ *Charlie Shelton*

Jamie Kirk
Texas State Bar No. 24076485
JKirk@HaywardFirm.com
Charlie Shelton
State Bar No. 24079317
CShelton@HaywardFirm.com
**HAYWARD PLLC**
DALLAS
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
972.755.7100 (phone/fax)

AUSTIN
901 MoPac Expressway South
Building 1, Suite 300
Austin, TX 78746
(737) 881-7100 (phone/fax)

**PROPOSED ATTORNEYS FOR DEBTOR**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 22, 2022, the foregoing was served via CM/ECF on all parties requesting such service. Additionally, on March 22, 2022 or within two business days thereof, the foregoing was served via United States First Class Mail to the parties listed on the attached matrix who did not request ECF service.

| | |
|---|---|
| United States Trustee<br>903 San Jacinto Blvd, # 230<br>Austin, TX 78701 | Travis Phillips<br>Armbrust & Brown, PLLC<br>Attorneys and Counselors<br>100 Congress Avenue, Suite 1300 |

| | |
|---|---|
| ***United States Trustee*** | Austin, TX 78701<br>tphillips@abaustin.com<br><br>***Counsel for iSports** Cedar Park, Ltd.* |
| Texas Made Sports Development, Inc.<br>dba Chaparral Ice<br>2525 W. Anderson Lane, Ste. 400<br>Austin, TX 78757<br><br>***Debtor*** | |

/s/ *Charlie Shelton*
Charlie Shelton

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 22-10172-hcm<br>Western District of Texas<br>Austin<br>Tue Mar 22 18:19:24 CDT 2022 | Texas Made Sports Development, Inc.<br>2525 W. Anderson Lane, Ste. 400<br>Austin, TX 78757-1180 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| Academy Ltd.<br>d/b/a Academy Sports & Outdoors<br>Attn: Elise Hasbrook<br>1800 NOrth Mason Road<br>Katy, TX 77449-2826 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | Bauer Hockey LLC<br>100 Domain Drive<br>Exeter, NH 03833-2996 |
| Broadcast Music, Inc.<br>10 Music Square East<br>Nashville, TN 37203-4399 | CCM Hockey U.S., Inc.<br>3400 Raymond Lasnier<br>Ville St. Laurent<br>Quebec H4R 3LS | Cintas<br>PO Box 631025<br>Cincinnati, OH 45263-1025 |
| Comfort Systems USA<br>Mtech-Icon<br>1720 Royston Lane<br>Round Rock, TX 78664-9555 | Complete Ice Arena Service<br>710 Hughie Long Rd.<br>Cresson, TX 76035-4168 | Craig Henderson<br>c/o Richard A. Bearden<br>Massey, Stotser, and Nichols P.C.<br>1780 Gadsden Highway<br>Birmingham, AL 35235-3106 |
| Double Dave's Pizza<br>401 E. Whitestone Blvd.<br>Cedar Park, TX 78613-9051 | Hampton Inn & Suites/Homewood Suites<br>10811 Pecan Park Blvd.<br>10809 Pecan Park Blvd.<br>Austin, TX 78750 | Hyatt Place Austin/Cedar Park<br>1315 E. New Hope Drive<br>Leander, TX 78641-5106 |
| Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jackson Ultima Skates, Inc.<br>505 Thompson Dr., Unit 5<br>Cambridge, Ontario N1T 2K7<br>Canada | Jani-King of Austin<br>2523 South Lakeline Blvd.<br>Cedar Park, TX 78613-2962 |
| Lee Cabell<br>c/o Daniel Christensen<br>DC Law, PLLC<br>1012 W. Anderson Lane<br>Austin, TX 78757-1584 | MD Machine<br>PO Box 1502<br>Bastrop, TX 78602-8502 | Nielsen & Mayer PLLC<br>815-A Brazos Street<br>Austin, TX 78701-2514 |
| Northcross 2019 LP<br>100 Congress Ave., Ste. 1450<br>Austin, TX 78701-4072 | Northcross Station LLC<br>PO Box 856505<br>Minneapolis, MN 55485-6505 | Pepsi Beverages Company<br>9010 Wall Street<br>Austin, TX 78754-4598 |
| Perardi Development Company LLC<br>1116 Terjo Lane<br>Austin, TX 78732-6150 | Puck University<br>1717 Scottsdale Drive<br>Leander, TX 78641-4768 | ROI Physical Therapy<br>& Sports Performance<br>1717 Scottsdale Drive<br>Leander, TX 78641-4768 |
| Ranchero Creek LLC<br>2517 Sonoma Cove<br>Austin, TX 78738-5320 | Riedell Shoes, Inc.<br>122 Cannon River Ave.<br>Red Wing, MN 55066-1801 | Rocksports<br>Attn: James Payton<br>1609 Chisholm Trail<br>Round Rock, TX 78681-2928 |

```
Roosters Paint Center              Ryan Raya                          Shadow IT Services
Attn: Greg Shifflett               903 Ridgemont Circle               Attn: Chris Case
202 Walton Way, Ste. 180           Leander, TX 78641-2986             11824 Jollyville Rd., Ste. 402
Cedar Park, TX 78613-8000                                             Austin, TX 78759-2360


Small Business Administration      Spectrum                           Stericycle
Little Rock Commercial Loan Servicing  1001 Morehead Square Dr., Ste. 500  6220 Banning Lane
2120 Riverfront Drive, Ste. 100    Charlotte, NC 28203-4270           Austin, TX 78724-5100
Little Rock, AR 72202-1794


Tamir Nitzan                       Tamir Nitzan                       Texas Attorney General's Office
4810 Edgerton Cv.                  c/o Trip Nix                       Bankruptcy-Collections Division
Austin, TX 78730-3424              Waller Lansden Dortch & Davis, LLP PO Box 12548
                                   100 Congress Ave., Suite 1800      Austin, TX 78711-2548
                                   Austin, TX 78701-4042


(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS  Texas Workforce Commission   Thomas J. Henry Law Firm
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION  TWC Building - Regulatory Integrity Div.  Attn: John Wolfe
PO BOX 13528                       101 East 15th St.                  4401 West Gate Blvd.
AUSTIN TX 78711-3528               Austin, TX 78778-0001              Austin, TX 78745-1418


TrainRight                         Travis County c/o Jason A. Starks  Trimbuilt Construction Inc.
1319 W. Colorado Ave.              P.O. Box 1748                      12800 North Lamar
Colorado Springs, CO 80904-4022    Austin, Texas 78767-1748           Austin, TX 78753-1102


Trimbuilt Construction Inc.        Truist Bank                        Truist Bank Visa
PO Box 80169                       PO Box 580048                      PO Box 580340
Austin, TX 78708-0169              Charlotte, NC 28258-0048           Charlotte, NC 28258-0340


United States Trustee              United States Trustee - AU12       Vessel Longevity + IV Bar ATX
903 San Jacinto, Suite 230         United States Trustee              Attn: Emeka Ofobike, Jr. MD
Austin, TX 78701-2450              903 San Jacinto Blvd, Suite 230    1717 Scottsdale Drive, Ste. 120
                                   Austin, TX 78701-2450              Cedar Park, TX 78641-4769


Warrior Sports, Inc.               Washington Federal                 Washington Federal Bank
16151 Collections Center Dr.       425 Pike Street                    c/o Don Magee
Chicago, IL 60693-0161             Seattle, WA 98101-2399             McGinnis Lochridge LLP
                                                                      1111 W. 6th Street, Bldg. B, Suite 400
                                                                      Austin, Texas 78703-5345


Washington Federal Bank            c/o Eric J. Taube                  iSports Cedar Park Ltd.
c/o William H. Daniel              Waller Lansden Dortch & Davis, LLP 809 N. Cuernavaca Drive
McGinnis Lochridge LLP             100 Congress Ave., Suite 1800      Austin, TX 78733-3217
1111 W. 6th Street, Bldg. B, Suite 400  Austin, TX 78701-4042
Austin, Texas 78703-5345


iSports Cedar Park, Ltd.           Herbert C Shelton II
c/o SynerMark Properties, Inc.     Hayward, PLLC
10711 Burnet Road, Ste. 320        901 S. Mopac Expy.
Austin, TX 78758-4485              Bldg. 1, Suite 300
                                   Austin, TX 78746-5776
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BB&T<br>Attn: Recovery<br>PO Box 1489<br>Lumberton, NC 28358 | Texas Comptroller of Public Accounts<br>P.O. Box 13528, Capitol Station<br>Austin, TX 78711-3528 | End of Label Matrix<br>Mailable recipients 58<br>Bypassed recipients 0<br>Total 58 |